

United States District Court
Second District Southern District of New York

United States of America

case no: 09 CR 1022 (KMK)

V.

Emmanuel Martinez
   defendant

motion for reduction of sentence
under 18 USC 3582(c)(1)(A)(i)

## The Motion

Defendant, Emmanuel Martinez, filing pro se petitions the Court for compassionate release under 18 USC 3582 based on extraordinary and compelling reasons. Defendant also asks the court to appoint counsel to help defendant with said motion. Defendant's motion for reduction in sentence is based on over sentencing of the Defendant based on archaic drug laws, being incarcerated in a harsh and unsafe circumstances during the pandemic, and his rehabilitation during his incarceration. Based on these circumstances, Defendant asks the court to release him back into society or reduce his sentence by 18 months.

## Procedural History

Defendant was sentenced to 235 months upon pleading guilty to 21 USC 846 and 841 (a)(1) and 841 (b)(1)(A). Defendant was held responsible for 22 kilograms of crack cocaine and 6.5 kilograms of cocaine. Defendant was a level 38 and a category 1 on the United States Sentencing Guidelines. Defendant is currently incarcerated at FCI Berlin and has been in prison since 2009.

## Discussion

Defendant requests the court to grant him a reduction in sentence or compassionate release based on his rehabilitation while in prison. Defendant has maintained steady employment during his incarceration. Defendant has also taken numerous classes to further elevate his education while in prison. When the Defendant was free prior to his imprisonment, Defendant had a bad drug problem. His drug and alcohol abuse lead him to getting arrested for DUI and was a major contribution to him going to prison. Since his incarceration, Defendant has learned to over come

his substance abuse and has been sober for over 15 years. Defendant wakes up every morning working on his sobriety so he does not make the same bad decisions while he was on drugs and alcohol. During 15 years of being in prison, Defendant has recieved only four incedent reports for two fights and two for possession of phones. Defendant acknowledges his mistakes and is his best to over come these past mistakes so he can return to his family and become a productive member of society. Defendant asks the court to not look to harshly upon him based on these incidents. Fifteen years with only four incident reports is not perfect or great but it is good for such a long period of time.

Defendant asks the Court to take into consideration the harsh sentence he recieved for his non-violent drug crime. Defendant has no major criminal history and was sentenced in line with the national average for murder which was 244 months as of 2021. He was sentenced more than a kidnapper (211 months average), twice the amount for child pornography (9 year average), three times the average for robbery (6 years 9 months), more than a person who commits sexual abuse (211 month average), and more than a person who is imprisoned for kidnapping(166 months average). Defendant was sentenced under draconian drug laws that does not reflect a non-violent first time drug offender. Defendant prays that the Court sees the injustice in this and corrects this punishment.

Defendant was charged with 22 kilograms of cocaine that put him to level 38. Recent studies shows that cocaine base and cocaine do not have a meaningful difference to warrant a 18 to 1 ratio increase. The President of the United States, the Attorney General M. Garland, the Department of Justice, and numerous law enforcement agencies realize this and has thrown strong support to the Equal Act that would terminate the unjust 18:1 ratio of cocaine base to cocaine. The Attoorney General of the United States of America issued a sentencing memorandum in December of 2022 instructing his assistants to no longer charge cocaine base but to charge it as cocaine. If Defendant were sentenced today based

on these facts he would not recieve the same sentence. Courts in this district have been progressive in eliminating this injustice by sentencing Defendants to a 1 to 1 ratio for cocaine base see U.S. vs Vincent Clark case no: 3:99-cr-264-6 (VAB) District of Conn 2019 Defendant asks the court to follow the lead of other judges in the district and other district courts to ammend this injustice.

Petitioner was incarcerated during the entire pandemic and the Sencond District has held "that courts reviewing for sentence modifications have considered the extent to which numerous lockdowns and restrictions imposed by correctional facilities attempting to control the speed of the virus have made sentences "harsher and more punative and more punative than would have the case." U.S. V. Hatcher, No. 18 Cr 454-10(KPF) 2021 U.S. Dist Lexis 74760, 2021 WL 1535 310 at (S.D. Ny 4-19-21) (Quoting U.S. V. Rodriguez 492 F. supp 3d 306, 311 (S.D. N.Y. 2020); see also U.S. V. McRae No 17 CR. 643 (PAE), 2021 U.S. Dist Lexis 8777, 2021 WL 142277, at 5 (S.D. Ny 1-15-21) (" A day spent in prison under extreme lockdown and in fear of contracting a deadly virus exacts a price on a prisoner beyond that imposed by anyordinary day in prison. while not intended as punishment, incarceration in such conditions is unavoidably, more punishing"). In short, the courts have previously concluded that pandemic induced conditions of confinement can constitute "extraordinary and compelling" reasons warranting compassionate release for defendants who have served long sentences and has been detained for the entirety of the pandemic. Here are some that were granted sentence reduction for being incarcerated during the pandemic and the amount of time off:

1. U.S. V David O Quendo case no. 13 CR, 357-1 (KPF) (S.D NY 1-17-23) 14 month reduction in sentence.

2. U.S. V Edward Smith case no. 14 CR 813 (KPF) (S.D Ny 4-8-22) 6 month reduction in sentence

3. U.S. V George P Salemo case no. 11-cr-65-(JSR) (SD NY 9-7-21) 8 month

reduction in sentence.

4. U.S. V. Angel Otero case no. 13 608-10-(KPF) 20 ciw 4711(KPF) (SD NY 3-29-23) 18 month reduction in sentence petitioner asks the court to take this into great consideration as an important factor into deciding to grant a sentence reduction. Petitioner was in a highly violatile situation not knowing if he would ever make it out of prison alive to see his family and his freedom again placing unwarranted stress upon him during the pandemic. This experience is the utmost definition of extraordinary and compelling reason for a grant in compassionate release.

## Release Plan

If the petitioner was to be blessed and given a compassionate release and a head start at a second chance in life and redemption, petitioner would make every second and day meaningful to be a better person. Petitioner would reside in Terrytown, Ny. with his longtime fiance NIKaurys Santos who is also the mother of his daughter. Petitioner hopes to go out and join in community church to further develope his faith in God and be a contributing factor in his new place of residence. Petitioner's sister, Sonia Martinez, who is very supportive of him has found an apprentice ship program for petitioner to participate in so he can become an electrician. Petitioner's goal is to one day have his own electrical company. Petitioner plans to work hard to repair his life, be a good father, husband, and a pillar member of society.

## CONCLUSION

Based on these facts and circumstances, petitioner humbly asks the court to grant him compassionate release, a sentence reduction, or any avenue of relief the court deems worthy to bestow upon the petitioner.

Respectfully Submitted,
Emmanuel Martinez

Dated: 4/9/2024

*Emmanuel Martinez*

Motion for Compassionate Release, pursuant to 18 U.S.C. Section 3582(c), is denied. First, there are serious questions about whether the claim has been exhausted, as the grounds for this application have not been made to the warden where Defendant is housed. Second, his rehabilitation and his general claims about Covid do not qualify as neither extraordinary or compelling and are undercut by troubling discipline issues, including an assault this past fall. Third, there has been no change in the law that justifies early release. The Attorney General's 2022 Memorandum constitutes no such change and the EQUAL Act has not passed Congress. Finally, consideration of the Section 3553(a) factors strongly counsels against early release. Defendant's conduct was extraordinary and early release would undermine general deterrence and respect for the law.
5/3/24

Emmanuel MARtInez 85257-054
Federal correctional Institution Berlin
PO Box 9000
Berlin NH 03570

RECEIVED APR 15 2024

85257-054
Court Clerk
300 Quarropas ST
White Plains, NY 10601
United States

Legal Mail



